UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Luisa Gleaton,<br>　　　Plaintiff,<br><br>　　　vs.<br><br>Monumental Life Insurance Company,<br>　　　Defendant.<br>_____ | ) CASE NO.: 2:09cv1667-MBS-BM<br>)<br>)<br>)<br>)　COMPLAINT<br>)　Jury Trial Requested<br>)<br>) |

## JURISDICTION AND PARTIES

1.　　This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.,* racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

2.　　All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, and 42 U.S.C. §1981 have occurred or been complied with.

　　a.　　A charge of employment discrimination on basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with South Carolina Human Affairs Commission ("SHAC") and Equal Employment Opportunity Commission ("EEOC").

　　b.　　Notification of the Right to Sue was received from SHAC on or about February 26, 2009 and from EEOC on or about April 10, 2009.

　　c.　　This Complaint has been filed within the 120 days of receipt of SHAC'S Dismissal and Notice of the Right to Sue. The Complaint has also been filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3.　　Plaintiff, Luisa Gleaton, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

4.　　All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.　　Defendant Monumental Life Insurance Company, upon information and belief, is now and at all times herein mentioned was a corporation doing business as an insurance carrier under the laws of the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. §1981, and FMLA.

7. Defendant is an industry that affects commerce within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, 42 U.S.C. §1981, and FMLA.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §2000e, 42 U.S.C. §1981.

9. Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

12. On or about November 1, 2006, Plaintiff, a Hispanic female, began working for Defendant as an Insurance Agent in Charleston County, South Carolina.

13. During Plaintiff's employment, she was assigned to work and report directly to Drew Sasko, a Caucasion male District Manager.

14. During Plaintiff's employment, Plaintiff's District Manager began discriminating against Plaintiff as a Hispanic female, sexually harassed Plaintiff and discriminated against Plaintiff based on her national origin, all by, including but not limited to, making explicit, sexual comments about Plaintiff's looks, racial preferences lifestyle and her national origin.

15. Plaintiff reported the wrongful actions to her Sales Manager on more than one occasion. On or about September 25, 2007, Plaintiff reported to an investigator and human resources for Defendant.

16. Following Plaintiff's reports and complaints, Defendant began to intimidate, harass and retaliate against Plaintiff due to her reports of discrimination while other similarly situated Non-Hispanic employees and male employees were treated better. Plaintiff received continuous harassment and discrimination by her District Manager.

17. On October 1, 2007, Plaintiff was informed by her employer that she would be placed on a performance enhancement plan. Other non-Hispanic and male employees who had lower performance rates were treated with preference and were not

2

disciplined. Also, the goals and timeline of the performance enhancement plan were unusual, more onerous, and shorter in time than other performance enhancement plans given to non-Hispanic employees and male employees.

18. During the month of October, 2007, Plaintiff became seriously ill and sought medical attention. Plaintiff informed Defendant that she would be required to take short term disability and Family Medical Leave Act in November 2007. Subsequently, Plaintiff was put on another strict performance plan and told that she had to meet the performance plan goals by November 1, 2007 in order to qualify for FMLA.

19. Plaintiff continued to report the discrimination and inappropriate behavior to Defendant, however, Defendant continued to intimidate, harass and retaliate against Plaintiff due to her race, national origin, gender and request for medical leave while other similarly situated Non-Hispanic employees and male employees were treated better.

20. On October 26, 2007, Defendant wrongfully discharged Plaintiff.

21. Despite her reporting the inappropriate behavior, Defendant did not take appropriate action to resolve the problems.

22. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS/DISCRIMINATION
## DISCRIMINATION ON THE BASIS OF RACE, COLOR AND NATIONAL ORIGIN

23. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

24. Plaintiff is a member of a protected group on the basis of her race, color and national origin. Plaintiff was retaliated against and terminated based on her race, color and national origin in violation of 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

25. Plaintiff asserts that Defendant's reason for preferential treatment, retaliation and wrongful discharge were a mere pretext for the discrimination against Plaintiff based on her race, color and national origin.

26. Defendant, its agents and employees, was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

      a.    In failing to promote or continue to employ Plaintiff due to her race, color and national origin;

      b.    In showing preferential treatment by treating other non-Hispanic employees with preferential treatment;

27.    That in failing to protect Plaintiff from racial discrimination, preferential treatment or retaliation, Defendant, its agents and employees, acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

28.    Defendant, its agents and employees, violated 42 U.S.C. Sec. 1981 and Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment and retaliation to exist in the workplace.

29.    The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. Defendants, its agents and employees, violated 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224 and the ADEA of 1967, as amended, 29 U.S.C. §630 by allowing a hostile work environment to exist regarding discrimination based on race, color and national origin in the workplace.

30.    That the aforesaid conduct of Defendant, its agents and employees, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.) and racial discrimination under 42 U.S.C. §1981.

31.    Plaintiff's race, color and national origin were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race, color and national origin, she would not have been terminated.

32.    As a direct and proximate result of Defendant's, its agents and employees' discrimination on the basis of race, color and national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

33.    Defendant, its agents and employees' employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

34.    Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

35. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

### FOR A SECOND CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS/DISCRIMINATION
### GENDER/SEX DISCRIMINATION

36. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37. Plaintiff is a member of a protected group on the basis of her sex and gender. Plaintiff was an employee for a position that she was qualified for and was subsequently discriminated against and retaliated against due to her sex and gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

38. Plaintiff asserts that Defendant's reasons for preferential treatment, retaliation and wrongful discharge were a mere pretext for the discrimination against her based on her gender and sex (female).

39. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In discharging the Plaintiff and otherwise discriminating against the Plaintiff with respect to her compensation, terms, conditions, or privileges of employment due to her gender and sex (female);

   b. In terminating the Plaintiff's employment for actions that other male employees had also committed, without termination, thus depriving the Plaintiff of her employment opportunity and adversely affecting her status as an employee;

   c. In terminating the Plaintiff's employment for actions that other male employees had also committed, without termination.

40. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered permanent severe emotional distress and/or physical injuries.

41. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.) by allowing the discrimination to exist in the workplace.

42. Plaintiff's gender/sex (female) was a determining factor in the retaliation, disparate treatment and constructive discharge of the Plaintiff. But for the Plaintiff's gender/sex (female), she would not have been terminated.

43. Defendant, its agents and employees, violated Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the gender/sex (female) discrimination, preferential treatment and retaliation to exist in the workplace.

44. The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. Defendants, its agents and employees, violated Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224 by allowing a hostile work environment to exist regarding discrimination based on gender/sex (female) in the workplace.

45. That the aforesaid conduct of Defendant, its agents and employees, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.).

46. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

47. As a direct and proximate result of the acts and practices of Defendant in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

### FOR A THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS/DISCRIMINATION
### SEXUAL HARASSMENT

48. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

49. Defendant, as Plaintiff and the harasser's employer, was wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual comments and gestures that was initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing the perpetrator to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner;

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment;

    d.    In allowing a hostile work environment to exist;

    e.    In reassigning Plaintiff in her employment for reporting sexual harassment in the workplace.

50. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, its agents and employees, Plaintiff has suffered injuries, both physically and mentally.

51. The Defendant, its agents and employees, violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224 by retaliating against Plaintiff and allowing a hostile work environment to exist regarding sexual harassment in the workplace.

52. Defendant, its agents and employees, violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), 46 ALR Fed 224, due to the sexual harassment and advances by the Plaintiff's district manager.

53. As a direct and proximate result of the acts and practices of Defendant, its agents and employees, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

54. As a direct and proximate result of the acts and practices of Defendant, its agents and employees, in the wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FOURTH CAUSE OF ACTION
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

55. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

56. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.) and Defendant, its agents and employees', discipline against Plaintiff and constructive discharge of her employment as a result of her having requested such leave is a violation of her rights under said statute.

57. The Defendant is a qualified "employer" subject to the said Family Medical Leave Act and this Court has concurrent jurisdiction to enforce the provisions of said statute.

58. The Defendant's discipline against Plaintiff and wrongful discharge of Plaintiff following her request for medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. §2601, et. seq.).

59. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees and costs for the bringing of this action.

## FOR A FIFTH CAUSE OF ACTION
## WRONGFUL DISCHARGE

60. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

61. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant was the response of the Defendant, its agents and employees, to Plaintiff's continuing complaints regarding discrimination on the basis of race, color, national origin, and gender, sexual harassment, hostile work environment and violation of the FMLA.

62. That the aforesaid conduct of the Defendant, its agents and employees, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

63. That the aforesaid wrongful discharge of Plaintiff's employment by the Defendant, its agent and employees, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

64. That as a direct and proximate result of the aforesaid conduct of the Defendants, their agents and servants, Plaintiff has been damaged as aforesaid, both actual and in such amount as a judge and jury may award.

## FOR A SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT

65. The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

66. That the Defendant and the Plaintiff entered into a contract whereby it agreed to employ the Plaintiff at their Charleston, SC location.

67. That because of Plaintiff's continuing complaints regarding discrimination on the basis of race, color, national origin, and gender, sexual harassment, hostile work environment and violation of the FMLA, the Defendant, its agents and employees, wrongfully terminated Plaintiff's employment, breaching the contract of employment between the Plaintiff and Defendant.

68. That as a direct and proximate result of the wrongful termination of Plaintiff's employment, the Plaintiff has suffered a loss of income and benefits, she has been deprived on contractual rights conferred by the aforesaid contract, her ability to work in the field have been damaged, and she has been otherwise injured and damaged in such amount as a judge and jury may determine.

## REQUEST FOR RELIEF

69. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

70. Due to the acts of the Defendant, its agents and employees, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

71. That by reason of such wrongful acts of the Defendants, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action an any other relief this Honorable Court deems allowable under law, and just and proper.

WIGGER LAW FIRM

s/Russell M. Bynum
RUSSELL M. BYNUM
(Fed. I.D. # 10273)
Attorneys for the Plaintiff
8086 Rivers Avenue
North Charleston, SC  29406
(843) 553-9800

Charleston, South Carolina
23rd day of June, 2009.