IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| LUISA GLEATON, | ) Civil Action No. 2:09-1667-MBS-BM |
|         Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| MONUMENTAL LIFE INSURANCE COMPANY, | ) |
|         Defendants. | ) |

This action has been filed by the Plaintiff pursuant to several federal and state law causes of action. The Defendant has filed a motion to dismiss several of these claims pursuant to Rule 12(b), Fed.R.Civ.P., and has also moved pursuant to Rule 12(f), Fed.R.Civ.P. to strike all claims and/or references in the Complaint to the Age Discrimination in Employment Act (ADEA) and the Equal Employment Opportunity (EEO) Act. Plaintiff consents to the motion to strike, and therefore, consistent with the Defendant's motion, all references to the ADEA and EEO should be ordered stricken from the Complaint as immaterial and/or irrelevant to Plaintiff's claims.

With respect to Defendant's Rule 12(b) motion to dismiss, Plaintiff filed a memorandum in opposition to the motion on August 25, 2009, following which the Defendant filed a reply memorandum on September 1, 2009. The Defendant's motion to dismiss is now before the



1

Court for disposition.[1]

## Discussion

Plaintiff alleges in her Complaint that she worked for the Defendant as an insurance agent from November 2006 to October 2007. Plaintiff alleges that she is a Hispanic female, and that she reported to the District Manager, a Caucasian male. Plaintiff alleges that the District Manager discriminated against her because of her gender and national origin, and that after she reported his conduct the Defendant harassed and retaliated against her. Plaintiff further alleges that during the month of October 2007, she became seriously ill and sought medical attention, and informed the Defendant at that time that she would be required to take short term disability and FMLA leave beginning in November 2007. Plaintiff alleges that she was then wrongfully discharged on October 26, 2007.

The Defendant has moved to dismiss with prejudice Plaintiff's causes of action alleging a state law claim for wrongful termination/violation of public policy, violation of the Family and Medical Leave Act (FMLA) 28 U.S.C. § 2601 et. seq., and violation of the South Carolina Human Affairs Law (SCHAL), S.C. Code Ann. §1-13-10 et. seq. When considering a Rule 12 motion to dismiss, the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991) (quoting Turbe v. Government of Virgin Islands, 938

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



F.2d 427, 428 (3rd Cir. 1991)). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level].

**I.**

**(Wrongful Termination/Violation of Public Policy Claim)**

In her Fifth Cause of Action, Plaintiff alleges that her wrongful discharge constituted a violation of a clear mandate of public policy of the State of South Carolina. Defendant argues that Plaintiff's wrongful discharge/public policy cause of action should be dismissed because this claim is based on the same allegations which support her claims arising under Title VII the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq., 42 U.S.C. § 1981, and other statutes, and also because Plaintiff has failed to allege that the cited conduct constituted a crime and/or that the Defendant required her to commit a crime. After careful review of the arguments presented with respect to this cause of action, the undersigned is constrained to agree with the Defendant that it is entitled to dismissal of this claim.

In Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213 (S.C. 1985), the South Carolina Supreme Court held that a cause of action in tort exists under South Carolina law where a retaliatory discharge of an at-will employee[2] constitutes a violation of a clear mandate of public policy, such as "when an employer requires an at-will employee, as a condition of retaining employment, to violate the law". Id, at 216. See also; Culler v. Blue Ridge Electric Cooperative, Inc., 422 S.E.2d 91 (S.C. 1992). "This exception is generally applied in a situation in which an

---

[2]Plaintiff does not contest that she was an at-will employee.

3



employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law"; Barron v. Labor Finders of South Carolina, 682 S.E.2d 271, 273 (S.C.Ct. App. 2009); although some other situations may also apply. See Washington v. Purdue Farms, Inc., No. 07-3552, 2009 WL 386926 at * 12 (D.S.C. Feb. 13, 2009)["Several types of public policies have been deemed appropriate to sustain this cause of action including: requiring an employee to violate the criminal law, where the reason for the employee's termination was itself a violation of criminal law, obeying a subpoena, refusing to contribute money to a political action fund, and invoking rights under Payment of Wages Act."] .

Plaintiff has failed to identify any public policy violation with respect to this claim. Rather, Plaintiff argues that it was a violation for the Defendant "to deny the Plaintiff her rights under Civil Rights Act and FMLA." Plaintiff's Brief, pp. 6-7. Even assuming the Defendant did deny Plaintiff her rights under one or both of those statutes, however, that is not the commission of a crime, nor is there any allegation that the Defendant required Plaintiff to violate a public policy. Lawson v. South Carolina Dept. of Corrections, 532 S.E.2d 259, 260-261 (S.C. 2000)[Public policy claim arises where "an employer requires an employee to violate the [criminal] law or the reason for the employee's termination was itself a violation of a criminal law"]; Eady v. Veolia Transp. Services, Inc., 609 F.Supp.2d 540, 559 (D.S.C. 2009)[Plaintiff failed to show violation of public policy where he claimed that he was terminated for refusing to sign a blank affidavit]; King v. Charleston County School District, ____ F.Supp.2d ____, 2009 WL 3397598 at * 11 (D.S.C. May 21, 2009); Love v. Cherokee County Veteran's Affairs Office, 2009 WL 2394369, at * 3 (D.S.C. Jul. 31, 2009)[Granting Rule 12 motion to dismiss where no inference could be drawn from the facts alleged that the Plaintiff's termination was in violation of a criminal law]; Barron v. Labor Finders

4



of S.C., 2009 WL 1520820, at * 3 (S.C.Ct. App. May 29, 2009)[No wrongful discharge action where employee was not asked to violate the law and his termination did not violate the criminal law]; Washington, 2009 WL 386926 [Dismissing public policy claim where employer purportedly denied employee's request for FMLA leave, which neither violated a criminal law nor required the employee to do so]; Merck v. Advanced Drainage System, Inc., 921 F.2d 549, 554 (4th Cir. 1990)[The "public policy" exception to the at-will doctrine "is to be very narrowly applied."].

Hence, while Plaintiff alleges she was wrongfully discharged, it was not because of the violation of any clearly mandated "public policy" as defined by the South Carolina Courts, but because of an alleged violation of her personal rights. The public policy exception for the discharge of an at-will employee encompasses only "public rights", not "private" rights, and Plaintiff has therefore failed to set forth a valid claim for wrongful discharge in violation of the public policy of South Carolina. See Weinberger v. MCI Telecommunications, Inc., No. 92-2550, 1994 WL 18081 at * 3 (4th Cir. Jan. 25, 1994) ["The public policy exception encompasses only public rights granted by existing law, not private rights."].

In any event, the South Carolina Supreme Court has explicitly held that "[w]hen a statute creates a substantive right and provides a remedy for infringement of that right, the Plaintiff is limited to that statutory remedy." Palmer v. House of Blues Myrtle Beach Restaurant Corp., No. 05-3301, 2006 WL 2708278, at * 3 (D.S.C. Sept. 20, 2006) (citing Lawson, 532 S.E.2d 259); Washington, 2009 WL 386926 at * 12 n. 12. Here, Plaintiff seeks a remedy for wrongful termination under Title VII and § 1981. Therefore, as Plaintiff has a statutory remedy for her termination claim, she may not pursue a separate state law wrongful termination cause of action. Palmer, 2006 WL 2708278, at * * 3 and 5; Heyward v. Monroe, No. 97-2430, 1998 WL 841494,



at * 4 (4th Cir. Dec. 7, 1998)[Finding that Plaintiff's public policy termination claim was appropriately dismissed: "South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law. It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case"]; Zeigler v. Guidant Corp., No. 07-3448, 2008 WL 2001943 at * 2 (D.S.C. May 6, 2008) ["The Ludwick exception to at-will employment is not designed to overlap an employee's statutory rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists."] (quoting Stiles v. American General Life Ins. Co., 516 S.E.2d 449, 452 (S.C. 1999)); Dockins v. Ingles Markets, Inc., 413 S.E.2d 18, 19 (S.C. 1992); Epps v. Clarendon County, 405 S.E.2d 386, 387 (S.C. 1991).

Therefore, the Defendant is entitled to dismissal of Plaintiff's Fifth Cause of Action for wrongful discharge.

## II.

## FMLA Claim

In her Fourth Cause of Action, Plaintiff alleges that she was entitled to take leave pursuant to the FMLA, and that the Defendant discharged her because she requested leave, which was a violation of her rights under the FMLA. Defendant argues that this claim should be dismissed because, since Plaintiff had not been employed for twelve (12) months when she requested leave or when she was terminated, she was not covered by the FMLA and therefore cannot assert a claim under that statute.

To be eligible for leave under the FMLA, an employee must have been employed "for at least 12 months by [the] employer with respect to whom leave is requested." 29 U.S.C. §



2611(2)(A)(i). It is undisputed that Plaintiff had not worked for the Defendant for twelve months at the time of her termination. Defendant argues that Plaintiff was not therefore an "eligible employee" under the FMLA, and as a result cannot assert a retaliation claim under that Act.[3] See 29 U.S.C. § 2611(2)(A)(i)-(ii)[Defining an "eligible employee" under the FMLA as an employee who has been employed for at least 12-months by the employer and for at least 1,250 hours of service during the previous 12-month period.].

Defendant cites primarily two cases as support for this argument, Moore v. Sears Roebuck & Co., No. 06-255, 2007 WL 1950405 (N.D.Fla. July 2, 2007) and Morehardt v. Spirit Airlines, Inc., 174 F.Supp.2d 1272 (M.D.Fl. 2001). However, in both of these cases, the employee seeking to assert a retaliation claim was basing their claim on requested leave for a time period for which they were not eligible for leave. Moore, 2007 WL 1950405, at * 6-7; Morehardt, 174 F.Supp.2d at 1281. In contrast, the Plaintiff here is not alleging she was retaliated against for seeking leave for which she was not eligible. Rather, although she gave notice of her leave request in October 2007, she was not seeking any FMLA leave until November 2007, when she would have been eligible for that leave. Several courts have found that an employer may not terminate an employee who has worked less than 12 months before requesting foreseeable future leave that the employee will be eligible for and entitled to at the time the leave is to begin, and that a termination

---

[3]Defendant initially states that there is some confusion as to whether Plaintiff is pursuing a retaliation claim, or an interference claim. "The FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Strickland v. Water Works and Sewer Bd. of City of Burmingham, 239 F.3d at 1199, 1206 (11th Cir. 2001). In her response, Plaintiff indicates that she is asserting a retaliation claim, although if the Defendant's motion were to be granted, she seeks the right to amend her Complaint.

7



of the employee under such circumstances can give rise to an FMLA retaliation claim. See Reynolds v. Inter-Industry Conference on Auto Collision Repair, 594 F.Supp.2d 925, 930 (N.D.Il. 2009); Beffert v. Pennsylvania Dept. of Public Welfare, No. 05-43, 2005 WL 906362, * 3 (E.D.Pa. Apr. 18, 2005)["[A]n employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced"]; Potts v. Franklin Elec. Co., No. 05-433, 2006 WL 2474964, at * 3 (E.D.Ok. Aug. 24, 2006)["If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in 29 U.S.C. § 2612(e)(1)"]; Skrjanc v. Great Lakes Power Service Co., 272 F.3d 309, 314 (6th Cir. 2001).

Neither Plaintiff nor the Defendant cites any Fourth Circuit case law on this issue, which is apparently one of first impression in this Circuit.[4] This Court found the case law just cited in its review of this claim, none of which was cited or argued by the parties, and since the parties have not directed the Court to any case law directly on point on this issue and the undersigned has not located any controlling authority, the Court should decline at this time to grant a motion to

---

[4]While the Defendant cites the Fourth Circuit case of Babcock v. BellSouth Advertising and Publ'g. Corp., 348 F.3d 73 (4th Cir. 2003), for the proposition that an employee who has not yet been employed for 12 months may not request leave because they are not at that time an "eligible employee" under the FMLA, that decision was in the context of an employee asking for leave *before* they had been employed for 12 months. Here, even though the Plaintiff had not yet been employed by the Defendant for 12 full months, she was not requesting any leave time until *after* she had been employed for the requisite time period. See Reynolds, 594 F.Supp.2d at 928-930; cf. Moticaka v. Weck Closure Systems, 183 Fed.Appx. 343, 347 (4th Cir. May 31, 2006)["The determination of whether an employee has been employed for at least twelve months and has worked the requisite hours is made as of the date that leave commences."].

8



dismiss at this early stage in the proceedings on the ground argued by the Defendant, albeit without prejudice. This will allow the parties to re-brief this issue at a future date after more thorough research, either as part of a renewed motion to dismiss or as part of a motion for summary judgment.[5]

### III.

### (SCHAL Claim)

Plaintiff asserts discrimination claims under both Title VII and SCHAL. Complaint, ¶¶ 7, 24-35, 43. Defendant argues that, since Plaintiff is seeking redress for the Defendant's alleged discriminatory conduct under Title VII and § 1981 in this Federal Court case, she may not simultaneously seek relief under the South Carolina Human Affairs Law because SCHAL specifically prohibits a complainant seeking such dual relief, citing to S.C.Code Ann. §§ 1-13-90(d)(8), which provides in relevant part:

> No action may be brought under this Chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any Federal Court. Any action brought under this Chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any Federal Court.

Plaintiff argues that she should be allowed to proceed with this claim because Rule 8(d) Fed.R.Civ.P. allows for alternative pleading, and that in the event her Title VII and/or § 1981 causes of action do not survive, her state claim could remain which could then be pursued in state court.

Plaintiff's claim under SCHAL is evaluated under the same standards as are used for

---

[5]Since the case law in this area is developing, the parties may also benefit by having access to intervening decisions on this issue filed between now and the dispositive motions deadline.

9



evaluating her federal claims. Burns v. South Carolina Dept. of Transportation, No. 05-3271, 2006 WL 3791361, * 5 (D.S.C. Dec. 22, 2006); see also Orr v. Clyburn, 290 S.E.2d 804, 806 (S.C. 1982); Tyndall v. National Education Centers, 31 F.3d 209 (4th Cir. 1994); S.C. Code Ann. & 1-13-10 et al (2003); *cf.* Cromer v. Greenwood Com'n of Public Works, No. 92-CP-24-392, 1993 WL 328182, *4 (S.C.Com.Pl. Feb. 3, 1993) ["The court notes that its ruling accords with the interpretation of federal employment discrimination laws upon which our state employment discrimination laws are modeled."]. While a literal reading of § 90(d)(8) would seem to support Defendant's position, neither party cites any caselaw interpreting this statute, and it could be argued that the intent of § 1-13-90(d)(8) is to prevent a claimant from pursuing separate cases based on the same claims and seeking the same relief in *both* state and federal court. This, of course, could lead to possible conflicting verdicts. However, when claims under both the federal and state statutes are asserted in one federal court action, there is no such danger. Further, while the Court is personally aware of many federal cases in which Plaintiffs have asserted claims under both a federal civil rights statute and SCHAL which have been dismissed on other grounds, the Court has been unable to locate any cases granting dismissal of a SCHAL claim on the ground asserted in this case. See generally Taylor v. Cummings, 852 F.Supp. 1279, 1283 n. 2 (D.S.C. 1994)[Dismissing both ADEA and SCHAL claims at summary judgment]; Smith v. Prudential Financial Servs., Inc., 739 F.Supp. 1042 (D.S.C. 1990)[Dismissing both Title VII and SCHAL claims at summary judgment]; Roberts v. Newberry College, No. 08-3198, 2009 WL 1485038 at **1-2 (D.S.C. May 27, 2009)[Title VII and SCHAL claims both dismissed as untimely]; Burns v. South Carolina Dep't of Transportation, No. 05-3271, 2006 WL 3791361 (D.S.C. Dec. 22, 2006)[Title III and SCHAL claims dismissed]; Simpkins v. Patton, No. 05-2137, 2006 WL 3337425 (D.S.C. Nov. 16, 2006)[Dismissing Title VII



10

and SCHAL claims because they cannot be asserted against individuals]; Simpson v. Greenville Transit Authority, No. 05-1087, 2006 WL 1148167 (D.S.C. Apr. 27, 2006)[Dismissing Title VII and SCHAL claims because defendant not considered plaintiff's employer].

In any event, there is (at least at this early stage of the case) a possibility that Plaintiff's federal claims could be dismissed for some procedural or other reason not yet known to either the Court or the parties, which would not apply to Plaintiff's state law SCHAL claim. See generally S.C. Code § 1-13-90, et. seq. [Setting forth requirements to pursue a claim under SCHAL]; 42 U.S.C. § 2000e-5(c)[Setting forth requirements to pursue a claim under Title VII]. Cf. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979)[Noting that Plaintiff had three hundred (300) days to file her administrative charge with SCHAC following an act of discrimination, and that a failure by the plaintiff to do so bars her from pursuing a Title VII lawsuit as to any such claim in this Court.]; Childers v. County of York, South Carolina, No. 06-897, 2008 WL 552879, at * 11 (D.S.C. Feb. 26, 2008); VanDeusen v. Riverbanks Society, No. 06-3281, 2008 WL 3010157, at * 4-5 (D.S.C. June 16, 2008). Therefore, it is recommended that the Defendant's motion be denied at this time, without prejudice. If the Plaintiff's federal claim survives a summary judgment motion, the Defendant can re-new its motion to dismiss Plaintiff's SCHAL claim at that time.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to strike be **granted**, and that all references to the ADEA and EEO be stricken from the Complaint. It is further recommended that the motion to dismiss Plaintiff's state law claim for wrongful termination/violation of public policy also be **granted**, and that this cause of action be dismissed



11

with prejudice.

The remainder of the Defendant's motion to dismiss should be **denied** at this time, without prejudice, for the reasons stated.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 12, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

13

