IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Luisa Gleaton, ) | |
| ) | C.A. No. 2:09-cv-01667-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Monumental Life Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Luisa Gleaton filed the within action on June 23, 2009 against Defendant Monumental Life Insurance Company alleging sexual harassment and discrimination on the basis of race, color, national origin, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; violation of 42 U.S.C. § 1981; wrongful termination/violation of public policy; violation of the Family Medical Leave Act ("FMLA"), 26 U.S.C.A. §§ 2601, *et seq.*; and violation of the South Carolina Human Affairs Law ("SCHAL"), S.C. Code §§ 1-13-10, *et seq.* This case is before the court on Defendant's motion to dismiss and/or motion to strike, which was filed on August 7, 2009. Defendant seeks to dismiss Plaintiff's wrongful termination/violation of public policy, FMLA, and SCHAL claims as well as to strike all claims and/or references to the Age Discrimination in Employment Act (ADEA) and the Equal Employment Opportunity (EEO) Act. On August 25, 2009, Plaintiff responded. In her response, Plaintiff consented to the motion to strike. On September 1, 2009, Defendants replied to Plaintiff's response to Defendants' motion to dismiss and/or motion to strike.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On November 12, 2009,

the Magistrate Judge issued a Report and Recommendation recommending that: 1) Defendant's motion to strike be granted; 2) Plaintiff's state law claim for wrongful termination/violation of public policy be dismissed with prejudice, and 3) the remainder of Defendant's motion to dismiss be denied without prejudice. On November 30, 2009, Defendant filed objections to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge erred in concluding that Plaintiff's FMLA and SCHAL claims should not be dismissed at this time.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court has considered the pleadings, motion, and memoranda offered by the parties in support of their respective positions. The court concludes that Defendant's motion to strike should be **granted**; and that Defendant's motion to dismiss should be **granted** with respect to Plaintiff's claim for wrongful termination/violation of public policy and **denied** with respect to the respect to Plaintiff's FMLA and SCHAL claims.

## I.  FACTS

Plaintiff's complaint alleges that she began working for Defendant in November 2006. Plaintiff avers that she is a Hispanic female and that she was assigned to report to Drew Sasko ("Sasko"), a Caucasian male District Manager. Plaintiff avers that Sasko discriminated against

her by making explicit sexual comments about Plaintiff's looks, racial preferences, lifestyle and national origin. Plaintiff further avers that she reported Sasko's conduct and that Sasko subsequently harassed and retaliated against her. Plaintiff also alleges that on October 1, 2007, she was placed on a performance enhancement plan while other non-Hispanic and male employees who had lower performance rates were not put on such a plan. Plaintiff avers that during October 2007 she became seriously ill and sought medical attention, and informed Defendant that she would need to take short term disability and FMLA leave in November 2007. Plaintiff alleges that she was wrongfully discharged on October 26, 2007. Plaintiff would have become eligible for FMLA leave in November 2007.

## II. DISCUSSION

A.  Motion to Strike

The Magistrate Judge recommended that all references to the ADEA and EEO be stricken from the Complaint. Given Plaintiff's consent to this motion, the court concurs with this recommendation and orders that all references to the ADEA and EEO be stricken from the Complaint.

B.  Motion to Dismiss

i.  *Standard*

A court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only if it finds that the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The claims in the complaint must be accepted and construed in the light most favorable to the plaintiff. *See Martin Marietta Corp. v. Int'l Telecomms. Satellite Org.*, 991 F.2d 94, 97 (4th Cir. 1992).

ii. *Claim for Wrongful Termination/Violation of Public Policy*

The Magistrate Judge recommended that Plaintiff's wrongful termination/violation of public policy claim be dismissed because 1) Plaintiff was not wrongfully discharged because of the violation of any clearly mandated public policy and 2) Plaintiff is limited to her statutory remedies under Title VII and § 1981. Plaintiff does not object to this dismissal. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has carefully reviewed the record and concurs in the Magistrate Judge's conclusion that this claim should be dismissed with prejudice.

iii. *FMLA Claim*

Defendant seeks to dismiss Plaintiff's FMLA claim because Plaintiff was ineligible to take a leave of absence both when she requested leave and when she was terminated. The Magistrate Judge recommended that the court decline to dismiss Plaintiff's FMLA claim at this stage of the proceedings because the issue of whether an ineligible employee may declare an intention to take FMLA leave once they become eligible is an issue of first impression in the Fourth Circuit. Defendant argues that the Magistrate Judge erred in this recommendation and that Plaintiff's FMLA claim should be dismissed. Defendant argues that this outcome is required by the Fourth Circuit's ruling in *Babcock v. BellSouth Advertising and Publ'g Corp.*, 348 F.3d 73 (4th Cir. 2003). Defendant also argues that giving employees a right to "reserve" FMLA leave before they are eligible would extend the obligations of employers in ways that Congress never intended by preventing employers from taking any adverse action against such an employee before he or she actually takes FMLA leave.

The FMLA entitles eligible employees to 12 workweeks of unpaid leave during any 12-month period for numerous serious health conditions. 29 U.S.C. § 2612(a)(1)(A)-(D); *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 724 (2003). The FMLA defines an "eligible employee" as an employee who has been employed (1) for at least 12 months by the employer, and (2) for at least 1,250 "hours of service" with such employer during the previous 12-month period. *Id.* at § 2611(2)(A)(i)-(ii); *see also Babcock*, 348 F.3d at 76-77. "The determination whether an employee has been employed by the employer for at least twelve months must be made 'as of the date leave commences.'" *Babcock*, 348 F.3d at 77 (citing C.F.R. § 825.110(d)). "An employee may sue to recover damages or equitable relief when her employer 'interfere[s] with, restrain[s], or den[ies] the exercise or attempt to exercise' the rights guaranteed by the statute." *Id.* at 76 (citing 29 U.S.C. §§ 2515(a)(1), 2617(a)(2)). Title 29 United States Code Section 2612(e) requires an employee to provide notice to his or her employer at least 30 days before the date of leave is to begin when leave is foreseeable and such notice is practicable. *Id.*

Defendant asserts that *Babcock* stands for the proposition that employees who are ineligible for leave under FMLA have no FMLA rights prior to their one-year anniversary. Defendant also contends that *Babcock* holds that employees who are ineligible for FMLA leave cannot establish either interference or retaliation claims when an employer denies the ineligible employee's request for FMLA leave or subsequently takes an adverse action against the employee. The court disagrees.

In *Babcock*, an employee requested FMLA leave before she was an "eligible employee" for FMLA purposes. *Id.* at 75. Because the employee was not yet eligible for FMLA leave, the

5

employee took short-term disability leave pursuant to her employer's policies followed by an unexcused absence. *Id.* at 77. The employee subsequently requested additional unpaid medical leave *after* becoming eligible for FMLA leave. *Id.* at 77-78. The *Babcock* court found that because the employee re-requested leave after twelve months of employment, the employee was an eligible employee for FMLA purposes. *Id.* at 78. The *Babcock* court noted that the employer could have disciplined the employee for her un-excused absence, but that because the employer did not terminate the employee's employment, the employee's one-year anniversary triggered FMLA eligibility for the second leave request, preventing the employee's termination. *Id.* at 78 n.6. The *Babcock* court thus affirmed a jury verdict for the employee. *Babcock*, 348 F.3d at 77.

In the court's view, *Babcock* is distinguishable because it only addresses an interference claim under 29 U.S.C. § 2615(a)(1), and does not address a retaliation claim under § 2615(a)(2), which is the type of claim before this court. *See id.* at 76 (citing 29 U.S.C. § 2615(a)(1)); *see also Yashenko v. Harrah's NC Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006) (indicating that interference claims arise under § 2615(a)(1), while retaliation claims arise under § 2615(a)(2)). Thus, contrary to Defendant's assertion, *Babcock* does not address whether employees making retaliation claims must be eligible for FMLA leave.

Defendant also cites *Moore v. Sears Roebuck & Co.*, No. 3:06cv255, 2007 WL 1950405 (N.D. Fla. June 2, 2007) in support of its argument. The *Moore* court, discussing *Walker v. Elmore County Bd. of Educ.*, 223 F. Supp. 2d 1255, 1257-58 (M.D. Ala. 2002), states:

> [T]he question before the Eleventh Circuit was whether a request for leave by an ineligible employee constitutes an attempt to exercise an FMLA right. The Court of Appeals found that the plaintiff's claim failed at the first step of the retaliation analysis because her request was not protected by the FMLA. *Id.* at 1252. Noting that the right to leave is provided only to eligible employees, *Walker* expressly held that "the statute does

> not protect an attempt to exercise a right that is not provided by the FMLA, i.e., the right to leave before one becomes eligible therefor." *Id.* at 1253. Numerous other courts have held similarly.
>
> . . .
>
> Despite this plethora of case law, the district court opined that there should be an exception "where the employee, before she becomes eligible for FMLA, is putting the employer on notice of her intent to take FMLA leave after she becomes eligible for FMLA coverage." *Id.* at 1260. The court believed that Walker was such an employee. In that situation, the district court felt that "logic requires that the FMLA be read to require that the employee be permitted to make a retaliation charge against the employer for an adverse-employment action." *Id.* On appeal, the Eleventh Circuit did not necessarily disagree with that legal conclusion. *See generally* 379 F.3d at 1249. The panel did not reach the issue, however, because close examination of the facts revealed [–] contrary to what the district court had found [–] that "Walker would not have been eligible for leave even at the time her leave was to begin." *Id.* at 1253. The [Eleventh Circuit] thus stated: "We leave for another day the question of whether the FMLA protects a pre-eligibility request for post-eligibility leave." *Id.*

*Moore*, 2007 WL 1950405 at *6-7. The *Moore* Court then ruled that the situation before the court was identical to the one in *Walker* because an ineligible employee requested leave to begin when the employee would still have been ineligible for leave. *Id.* at 8 ("because the plaintiff was an ineligible employee requesting leave that would begin when she would still have been ineligible, the Eleventh Circuit decision in *Walker* directly forecloses her retaliation claim."). *Moore* does not address the issue before this court.

District courts addressing the issue of whether an employer can be held liable for retaliation under FMLA where the employee was not eligible for FMLA leave have not been consistent. Some courts have held that an employee cannot bring a retaliation claim under FMLA unless he or she was eligible for leave at the time it was requested. *See Rogers v. Bell Helicopter Textron Inc.*, No. CA3-99-CV-988-R, 2000 WL 1175647 (N.D. Tex. Aug. 17, 2000) (finding that a FMLA retaliation claim failed because the plaintiff was not entitled to FMLA

7

leave); *Wemmitt-Pauk v. Beech Mountain Club*, 140 F. Supp. 2d 571, 581 (W.D.N.C. 2001) (granting summary judgment to an employer on a FMLA retaliation claim because the "Plaintiff never engaged in a 'protected activity' under the FMLA; that is, she was not eligible for FMLA leave"); *Morehardt v. Spirit Airlines, Inc.*, 174 F. Supp. 2d 1272, 1280 (M.D. Fla. 2001) (finding that an employee who was not eligible for FMLA leave could not establish a retaliation claim because the employee did not engage in a protected activity).

However, several courts have come to the opposite conclusion. In *Beffert v. Pennsylvania Dep't of Public Welfare*, for example, the court concluded that an employee could make a retaliation claim under FMLA when the employee was employed for less than twelve months but requested leave to begin more than one year after employment commenced. 2005 WL 906362, at *3 (E.D. Pa. Apr. 18, 2005). The court reasoned that:

> While an employee cannot be an eligible employee unless "the date leave commences" is after the employee has worked at least twelve months, the FMLA also requires that "an employee" provide the employer with not less than 30 days' notice of the date leave is to begin where such notice is practicable. This provision is designed to minimize the disruption to the employer that will be caused by the absence of the employee. This reference to "employee" rather than "eligible employee" is a recognition that some employees will and should give notice of future leave before they have been on the job for twelve months. Since the FMLA contemplates notice of leave in advance of becoming an eligible employee, the statute necessarily must protect from retaliation those currently non-eligible employees who give such notice of leave to commence once they become eligible employees. Otherwise, the advance notice requirement under 29 U.S.C. § 2612(e) becomes a trap for newer employees who comply with this provision of the FMLA and affords a significant exemption from liability for employers. We do not think Congress intended this anomalous result.

*Id.* (internal citations omitted). Similarly, in *Potts v. Franklin Electric Co.*, the court found that when an employee, before becoming eligible for leave under FMLA, puts an employer on notice of his or her intent to take FMLA leave after they become eligible, FMLA must be read to allow

the employee to make a charge against the employer for an adverse employment action. No. CIV 05-433, 2006 WL 2474964, at *3 (E.D. Okla. Aug. 24, 2006). In making this conclusion, the *Potts* court noted that 29 U.S.C. § 2615(a), which creates FMLA's interference and retaliation causes of action, "does not say that employees must be 'eligible,' or 'qualify' for leave, before they may file either an interference, or retaliation claim for requesting leave." *Id.* The *Potts* court contrasted § 2615(a) with § 2612, which states that only eligible employees are entitled to FMLA leave. *Id.* The *Potts* court further noted that FMLA protects the "attempt" to exercise a right under FMLA in support of the above conclusion. *Id.*

Two other courts have come to similar conclusions. *See Skrjanc v. Great Lakes Power Service Co.*, 272 F.3d 309, 314 (6th Cir. 2001) ("The right to actually take twelve weeks of leave pursuant to the FMLA includes the right to declare an intention to take such leave in the future. *See* 29 U.S.C. § 2612(e) (requiring an employee to give his employer notice of "foreseeable leave" in order to come under the protection of the statute)."); *Reynolds v. Inter-Industry Conference on Auto Collision Repair*, 594 F. Supp. 2d 925, 928-29 (N.D. Ill. 2009) (noting that it would be "illogical" to interpret FMLA's notice requirement in a way that requires employees to disclose requests for leave, which would expose them to retaliation, and then provide no remedy).

In the court's view, the *Beffert* line of cases is more consistent with the goals of FMLA and provides the more equitable result. The court finds that an employee may bring a retaliation claim under FMLA if the employee was terminated prior to becoming eligible for FMLA leave, but the employee declared an intention to take leave more than one year after employment commenced. The court declines to dismiss Plaintiff's FMLA claim for retaliation.

iv.   *SCHAL Claim*

The Magistrate Judge recommended that Defendant's motion to dismiss Plaintiff's SCHAL claim be denied without prejudice until such time as Plaintiff's federal claim survives a summary judgment motion. Defendant claims that the Magistrate Judge erred in his recommendation because the SCHAL prohibits a plaintiff from pursuing such a claim in the same lawsuit as a federal discrimination claim.

South Carolina Code Section 1-13-90(d)(8) states:

No action may be brought under this chapter if an action alleging essentially the same facts and seeking relief for the same complainant has been brought in any federal court. Any action brought under this chapter shall be promptly dismissed if an action alleging essentially the same facts and seeking relief for the same complainant is brought in any federal court.

Federal Rule of Civil Procedure 8(d) permits a party to set out two or more statements of a claim or defense alternatively. *Id.*

In making his recommendation, the Magistrate Judge noted that there is no case law supporting Defendant's reading of the statute. Moreover, the Magistrate Judge indicated that § 1-13-90(d)(8) could be read to prevent a claimant from pursuing separate cases based on the same claims and seeking the same relief in *both* state and federal court." Report and Recommendation at 10 (emphasis in original). The Magistrate Judge hypothesized that § 1-13-90(d)(8)'s purpose could be to prevent conflicting verdicts, which is not an issue when federal and state law claims are asserted in one federal action. The Magistrate Judge also noted that there is a possibility that Plaintiff's federal claims could be dismissed for some procedural or other reason that would not apply to Plaintiff's SCHAL claim.

10

The court agrees with the Magistrate Judge that another interpretation of the statute is plausible. Furthermore, the court agrees with the Magistrate Judge that it is possible that Plaintiff's federal claims could be dismissed for a reason that would not apply to Plaintiff's SCHAL claim because these statutes, while similar, are not identical. *See* S.C. Code Ann. § 1-13-90, et. seq.; *cf.* 42 U.S.C. § 2000e-5(c); *see also Childers v. County of York, South Carolina*, No. 06-897, 2008 WL 552879, at *10-11 (D.S.C. Feb. 26, 2008)(indicating that federal discrimination claims have different statutes of limitations from state discrimination claims). Thus, Federal Rule of Civil Procedure 8(d) counsels against dismissing this claim at this early stage in the proceedings. Therefore, the court denies Defendant's motion to dismiss Plaintiff's SCHAL claim without prejudice until such time as Plaintiff's federal claim survives a summary judgment motion.

### III. CONCLUSION

Based upon the foregoing, the court adopts the Report and Recommendation of the Magistrate Judge in its entirety. Defendant's motion to dismiss and/or strike is granted in part and denied in part. It is hereby ordered that all references to the ADEA and EEO be stricken from the Complaint and that Plaintiff shall file an amended complaint so striking these references within fifteen (15) days of the entry of this order. Plaintiff's claim for wrongful termination/violation of public policy is dismissed with prejudice. Defendant's motion to dismiss Plaintiff's FMLA and SCHAL claims is denied without prejudice. The court recommits the matter to the Magistrate Judge for further pre-trial handling.

**IT IS SO ORDERED.**

                                                                                            <u>s/ Margaret B. Seymour</u>
                                                                                            United States District Judge

January 28, 2010
Columbia, South Carolina